UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DANIELLE M. VANARNUM, as Parent
and Legal Guardian of A.S.,

                      Plaintiff,

     -against-                           1:13-CV-0502 (LEK/RFT)

HUDSON HEADWATERS HEALTH
NETWORK, *et al.*,

                      Defendants.

## ORDER

Plaintiff Danielle Vanarnum ("Plaintiff"), as parent and legal guardian of A.S., filed this medical malpractice action in New York State Supreme Court, Warren County, in January 2013. Dkt. No. 1-1. At the time of A.S.'s alleged injuries, Defendants Hudson Headwaters Health Network, Irene Flatau, and Pamela Lusignan ("Federal Defendants") were deemed employees of the United States Public Health Service under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n). Dkt. No. 3-2 ¶¶ 5-7. The Federal Tort Claims Act, 28 U.S.C. § 1346(b), therefore provides the exclusive remedy for Plaintiff's claims against the Federal Defendants, who removed the action pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2).[1] Dkt. No. 1 ("Notice of Removal").

Plaintiff recently determined that she cannot successfully pursue this action. Dkt. No. 17-1 ("Stewart Affidavit") ¶¶ 5-6; Dkt. No. 17-2. On February 10, 2014, she moved to voluntarily

---

[1] Under 28 U.S.C. § 1442, the federal officer removal statute, removal need not be consented to by all defendants. See, e.g., Clayton v. Air & Liquid Sys. Corp., 13-CV-847, 2013 WL 6532026, at *4 (W.D.N.Y. Dec. 12, 2013) (citing Bradford v. Harding, 284 F.2d 307, 310 (2d Cir. 1960)). Accordingly, although Defendant Glens Falls Hospital did not sign the Notice of Removal, the action was properly removed.

dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and Local Rule 17.1, which provides that "[a]n action by or on behalf of an infant . . . shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree." Dkt. No. 17 ("Motion"). A.S. was an infant at the time this action was commenced, but has since reached the age of majority. Stewart Aff. ¶ 7. Although Plaintiff's counsel therefore believes the action could be dismissed by stipulation and without a court order, he nevertheless requests a court order for the sake of prudence.[2] Id. The Federal Defendants consent to the requested dismissal.[3] Having reviewed the Motion and its accompanying papers, the Court grants the Motion.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 17) to dismiss is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    February 24, 2014

          Albany, New York

                                        Lawrence E. Kahn
                                        U.S. District Judge

---

[2] In addition to filing the Motion, Plaintiff included a proposed stipulation of discontinuance. Dkt. No. 17-3. Because the Court grants the Motion and dismisses the action, filing of the stipulation is unnecessary.

[3] Although Federal Rule of Civil Procedure 41(a)(2) does not require a defendant's consent to dismissal, the Court notes that Defendant Glens Falls Hospital, the only other Defendant in this action, never appeared following removal. See generally Docket.